UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| BARRY DAVID THOMPSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos. 2:13-CR-34 |
| | ) | 2:15-CV-72 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

Barry David Thompson ("petitioner") has filed a motion to vacate, set aside or correct his sentence pursuit 28 USC §2255, [Doc. 653], which he has supplemented twice, [Docs. 657, 676]. For the reasons discussed in this memorandum and order, his motion is denied.

### I. BACKGROUND

On May 14, 2013, petitioner and 16 co-defendants were charged in a superseding indictment with various drug offenses. Count One charged petitioner and all other defendants with conspiring to possess with the intent to distribute oxycodone. Petitioner and a co-defendant, Jessica White, also were charged in count eight with aiding and abetting each other with possessing oxycodone with the intent to distribute.[1]

Attorney Don Spurrell of the Criminal Justice Act panel was appointed to represent petitioner. On May 17, 2013, petitioner filed a notice of his intent to plead guilty to the indictment without a plea agreement.[2]

---

[1] Doc. 77
[2] Doc. 287

Using the records of fourteen Florida pharmacies at which petitioner, over an 18-month period, filled prescriptions for oxycodone written by three different Florida doctors, the United States Probation Office attributed 2730 oxycodone pills to plaintiff, resulting in a Base Offense Level of 28 and, after a three level reduction for acceptance of responsibility, a guideline range of 57 to 71 months.[3]

Although tacitly agreeing that he obtained 2730 oxycodone pills as set out in the presentence report, Petitioner objected to the number of pills attributed to him by Probation, arguing that many of those pills he consumed himself, that the actual amount he distributed was far less, that his Offense Level should be only 17, and that his resulting guideline range would be 24 to 30 months.[4] At his sentencing hearing, petitioner argued that to the extent the court relied on the pharmacy records, it should take into account only the prescriptions filled from January through June 2012, the relevant time period of the case.[5] The sentencing hearing was held on March 10, 2014 during which the number of oxycodone pills distributed by petitioner was the sole issue.[6]

Both petitioner and Jessica White testified at the hearing. White testified that petitioner supplied her with approximately 4400 pills over 5 months, whereas petitioner testified that at the most he supplied her with 200 pills during that time. The court noted that it boiled down to a question of determining who was to be believed, Jessica White or petitioner. After discussing in detail the respective testimonies of petitioner and White, this court credited White's testimony. Although this court agreed that the relevant time period for the calculation of the number of pills should be limited to the 6-month period from January through June 2012, White's testimony

---

[3] Presentence Report, ¶14
[4] Doc. 431
[5] Tr.of sentencing hearing, Doc. 527 at 172
[6] *Id*. at 4

indicated that petitioner distributed over 4400 pills within that time. That number of pills increased his Base Offense Level from 28 as initially calculated by the probation office to 30, which in turn increased his guideline range to 70 to 87 months.[7] Nevertheless, the court chose to sentence petitioner to the bottom of the lower range as originally calculated by Probation, 57 months on each count, the sentences to run concurrently.[8]

Petitioner appealed to the Sixth Circuit Court of Appeals, raising only one issue: that the sentence imposed upon him was procedurally unreasonable because the court miscalculated the number of oxycodone pills which were attributed to him. The Court of Appeals affirmed petitioner's sentence.[9] Petitioner's request for certiorari to the Supreme Court was denied on March 2, 2015, 135 S.Ct. 1514 (2015).

## II. PETITIONER'S §2255 MOTION

Petitioner makes one claim in his motion—that his sentence was procedurally unreasonable because it was based on the testimony of Jessica White; that White made contradictory statements regarding the number of pills which petitioner obtained for distribution; and the court erroneously chose to adopt as its factual finding the greatest number to which White testified.

He raises no new or different claims in his two supplements; they each make the same argument, *viz.*, that Jessica White was not a credible witness and the court's reliance on her

---

[7] Doc. 527 at 183

[8] While on pretrial release, petitioner was arrested in Florida and charged with trafficking in hydromorphone and trespass on school property. After he was sentenced by this court on March 10, 2014, he was returned to Florida for trial on that state's charges. On March 26, 2015, a Florida court sentenced petitioner to three years' imprisonment. He began serving the Florida sentence immediately, this court's judgment having been filed as a detainer against him. On April 29, 2016, petitioner was released by Florida to the custody of the Federal Bureau of Prisons to begin serving this court's sentence. Pursuant to an inquiry from the Bureau of Prisons [Doc. 799], this Court has recommend that petitioner's federal sentence be served concurrently with the Florida sentence. If the Bureau of Prisons accepts that recommendation, petitioner's federal sentence would have been fully served on October 12, 2017.

[9] Doc. 616

3

testimony was improper. [10]

### III. ANALYSIS

To obtain relief under 28 U.S.C. § 2255, a petitioner must show an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). To obtain relief for a non-constitutional error, the petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994).

Section 2255 "does not encompass all claimed errors in conviction or sentencing," *United States v. Addonizio*, 442 U.S. 178,185 (1979). To obtain relief under §2255, a petitioner must show that there was (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of law so fundamental that that the entire proceedings were rendered invalid. *Moss v. United States*, 323F.3d 445 (6th Cir.2003).

A § 2255 petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

Petitioner raised on direct appeal precisely the claim he makes in his motion. He may not resort to a §2255 motion to re-litigate a claim previously addressed on appeal absent "highly exceptional circumstances," *DuPont v. United States*, 76 F.3d. 108, 110 (6th Cir. 1996). The only circumstance which can be gleaned from petitioner's motions is that he continues to strenuously disagree with the drug quantity imputed to him, which is not "exceptional." All that needs to be said—indeed, all that can be said—is that petitioner raised this same claim on direct appeal; that

---

[10] Although the government's response addresses an ineffective assistance of counsel claim, petitioner never made such a claim. In two letters to the clerk, he requested that he be sent "ineffective assistance of counsel forms," also stating in those letters that he hoped that he wouldn't need them. [*See* Docs. 666, 676]. He chose not to file an ineffective assistance claim, and it is far too late to do so now, 28 U.S.C. §2255 (f).

appeal was unsuccessful; and this court is foreclosed from addressing it anew.[11] His motion is DENIED.

## IV. CONCLUSION

Petitioner's claim does not warrant an evidentiary hearing; it is meritless and his motion to vacate, set aside or correct his sentence, [Doc. 653], is DENIED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel,* 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id*.

Under *Slack,* to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." After reviewing Petitioner's claim, the Court finds that reasonable jurists could not conclude that petitioner's claim is adequate to deserve further review. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

A separate judgment in accordance with this Memorandum and Order will be filed.

SO ORDERED.

---

[11] In his motion, petitioner asserts that his attorney failed to raise this issue on appeal. The opinion of the Court of Appeals shows otherwise.

ENTER:

                                          <u>s/J. Ronnie Greer</u>
                                      United States District Judge